UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AARON J. FRIEDMAN, M.D. AND DEBORAH FRIEDMAN        CIVIL ACTION

VERSUS                                             NO. 07-6320

WILLIAM CLIFFORD AND                               SECTION B (1)
SAFECO INSURANCE COMPANY OF AMERICA

ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss pursuant to
Rule 12(b)(2) for Personal Jurisdiction  (Rec. Doc. Nos. 3 & 5).
After review of the pleadings and applicable law, and for the
reasons that follow,

IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED IN
PART AND DENIED IN PART.

BACKGROUND

Plaintiffs Aaron and Deborah Friedman filed suit for damages
as a result of an automobile accident on Interstate 80 in Park
City, Utah.  Plaintiffs allege that on or about October 2, 2003,
Defendant William Clifford failed to exercise due care and struck
Plaintiffs' vehicle, causing extensive property and physical
damages.  Plaintiffs seek past, present and future medical
expenses, rental expenses, physical pain and suffering, mental
anguish and emotional distress, loss of service, society and all
other damages proven at trial.

Defendants, Safeco Insurance Company of America and William
Clifford, urge this Court to dismiss the claim for lack of personal
jurisdiction.  Defendants allege that the named Defendant, William

1

Clifford, is a resident of Wyoming and does not have sufficient minimum contacts with Louisiana to subject him to the jurisdiction of this court.  Neither specific nor general jurisdiction can be demonstrated.  The only contact cited resulted from Plaintiff filing suit in the forum state.  In addition, the Safeco policy in effect on the date of the loss was neither issued or delivered in Louisiana so the Louisiana Direct Action Statute in inapplicable.

**Respondent-Plaintiffs' Contentions:**

Plaintiffs contend that this Court has personal jurisdiction over their claim because Plaintiffs have suffered personal injuries as a result of the accident, all subsequent care and treatment have taken place in New Orleans, and all the witnesses reside in this Court's jurisdiction.  Plaintiffs allege that Safeco, acting as an agent of William Clifford, has contacted Plaintiffs since the incident for the purpose to settle the case.  In addition, Safeco issues policies of insurance in Louisiana, further conferring personal jurisdiction upon William Clifford and Safeco.  Plaintiffs aver that jurisdiction over Safeco is also conferred via Louisiana's Direct Action Statute because the physical injuries resulting from the accident occurred in Louisiana.  Alternatively, under Utah law, Safeco is subject to jurisdiction in Utah and Utah law reveals that an insurer has a duty to defend its insured, and is therefore subject to direct action in Utah, as well as in Louisiana.  Finally, Plaintiffs state that while this district is the most convenient forum because of where the witnesses reside, this case should be transferred to the District Court of Utah

2

rather than dismissing it for lack of jurisdiction.

*DISCUSSION*

**A. Standard for Motion to Dismiss for Lack of Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) governs Defendants' challenge personal jurisdiction.  When personal jurisdiction is challenged, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant.  *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The Court may determine jurisdiction by evaluating affidavits, interrogatories, deposition, oral testimony or other recognized forms of discovery.  *Stuart,* 772 F.2d at 1192.  After a plaintiff makes a prima facie case for jurisdiction, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

A federal court has jurisdiction over a non-resident defendant if the state long-arm statute confers personal jurisdiction over that defendant and if the exercise of jurisdiction is consistent with due process.  *Ruston Gas Turbines, Inc. v. Donaldson Co.*, Inc., 9 F.3d 415, 418 (5th Cir. 1993).  Louisiana long-arm statute LSA-R.S. § 13:3201(B) extends to the limits of the Constitution. *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1361 (5th Cir. 1990). Therefore, this Court must determine whether the defendants have established "minimum contacts" with the forum state; and (2)

whether the exercise of personal jurisdiction over the defendants would offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The minimum contacts requirement is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King,* 471 U.S. at 475. The non-resident defendant's availment must be such that the defendant should reasonably anticipate being haled into court in the forum state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Specific jurisdiction or general jurisdiction must be found in order to satisfy the minimum contacts requirement. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific jurisdiction is only appropriate when the non-resident defendant's contact with the forum state arise from, or are directly related to the cause of action. *Id.* at 414 n.8. The exercise of general personal jurisdiction is proper when the non-resident defendant's contact with the forum state, even if unrelated to the cause of action are continuous, systematic, and substantial. *Id.* at 414 n.9.

Notions of fair play and substantial justice balance factors that include: the defendant's burden; the forum state's interests; the plaintiff's interest in convenient and effective relief; the judicial interest in efficient resolution of controversies; and the state's shared interest furthering social policies. *Asahi Metals*

*Indus. Co. v. Superior Court,* 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). A consideration of all of the aforementioned factors and requirements is necessary in order for the a court to confer personal jurisdiction over a non-resident defendant.

**1. Minimum Contacts**

In order to fulfill the sufficient minimum contacts requirements, specific personal jurisdiction or general personal jurisdiction must exist. Plaintiffs allege that specific jurisdiction or general jurisdiction exists for William Clifford, because Defendant Safeco acted as an agent for William Clifford and contacted Plaintiffs over the past two years, offering settlement as a result of this case. As a result of such contact, Plaintiffs aver that Defendant Safeco has conferred personal jurisdiction over itself and Defendant William Clifford. Such a proposition, however, does not comport with the meaning of minimum contacts, which requires that the defendant has purposely availed himself of the privilege of conducting activities within the forum state and should reasonably anticipate being hailed into court in the forum state. *Dickson Marine, Inc. v. Panalpina, Inc.,* 179 F.3d 331, 336 (5th Cir. 1999). Moreover, to extend personal jurisdiction on the basis that Plaintiff suffers injuries in the forum state would require the invocation of the "effects" test. Under the "effects" test, minimum contacts may exist when a non-resident defendant expressly aims intentionally tortious activity at the forum state and knows that the brunt of the injury will be felt by a forum resident. *Calder v. Jones,* 465 U.S. 783, 789-90, 104 S.Ct. 1482,

79 L.Ed. 2d 804 (1984).  The automobile accident present in these circumstances does not invoke the "effects" test, as there was no indication that there was intentional tortious activity involved. Therefore, Plaintiff has failed to meet its burden of demonstrating that personal jurisdiction exists for either Defendant.

    **2.  Safeco and the Louisiana Direct Action Statute**

Defendants assert that the Louisiana Direct Action Statute, LSA-R.S. 22:655 does not afford the plaintiff a right of direct action against Safeco because the policy was not issued or delivered in Louisiana, and the accident did not occur in Louisiana.  In *Esteve v. AllState,* the Supreme Court of Louisiana held that where an automobile accident occurred in a foreign state, and the actions were brought upon a policy issued and delivered in a foreign state, the direct action statute does not permit a plaintiff's action against a liability insurer.  351 So.2d 117 (La. 1977).  "To sue a liability insurer directly under the Louisiana Direct Action Statute, the accident or injury must have occurred in Louisiana." *Diamond v. Progressive, Ins. Co.,* 934 So.2d 739, 742 (La. App 1 Cir. 3/24/06).  In this case, it is undisputed that the accident occurred in Utah, and the policy at issue was neither written nor delivered in Louisiana.

**B.  Transfer of Case**

Plaintiffs ask this Court to transfer this matter to the District of Utah rather than dismiss this case for lack of jurisdiction.  28 U.S.C. §1404(a) permits transfer of any civil action to any other district or division where it might have been

brought.   In *Ellis v. Great Southwestern Corp.*, the Fifth Circuit stated that even when a transferor court cannot obtain personal jurisdiction over the defendants, "a transfer to a district in which personal jurisdiction over the defendant can be obtained may properly be made under section 1404(a) or section 1406(a)." 646 F.2d 1099, 1107 (5 th Cir. 1981).   Therefore, this Court will transfer this case to the District Court of Utah.

### CONCLUSION

For the reasons stated above, this Court should finds that no personal jurisdiction exists within the forum state, and this case will be transferred to the District Court of Utah. Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED IN PART** and **DENIED IN PART**.

New Orleans, Louisiana, this 29th day of February, 2008.

IVAN L. R. LEMELLE

UNITED STATES DISTRICT COURT